NO. 07-04-0442-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 8, 2004



______________________________




IN THE INTEREST OF K.M., A CHILD



_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 67,189-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

ORDER ON MOTIONS


 Appellant Scott Reggio appeals the final order in a suit affecting the parent-child
relationship. In April 2003 the Texas Department of Family and Protective Services filed suit
in the 320th District Court under cause number 67,189-D, requesting emergency protection
of the child, K.M. The department asked to be named temporary sole managing
conservator of the child, requested a determination whether Reggio was the father of the
child, and requested the court permanently place the child with a relative or the department,
if reunification with the parents could not be achieved. The petition did not request
termination of parental rights.


 The record indicates the department was initially unaware that in 1999 Reggio had
been determined to be the father of K.M. and appointed possessory conservator in cause
number 59,825-D, also in the 320th District Court. In January of 2003 Reggio had filed a
petition in cause number 59,825-D requesting the court modify the terms of possessory
conservatorship to name the child's paternal grandmother Judith Raborn as a joint
possessory conservator. (1) Reggio asked to retain all rights he was granted as possessory
conservator in the original decree, but requested that his mother be allowed limited
visitation with K.M. After cause number 67,189-D was filed, Reggio filed an additional
motion in that cause requesting Raborn be allowed access to the child. Shortly thereafter
Raborn filed a petition in intervention seeking managing conservatorship of the child. 

 The department filed a motion to consolidate the two causes and an order was
signed consolidating them under cause number 67,189-D. At the time cause number
67,189-D was filed, Reggio remained incarcerated in the Texas Department of Criminal
Justice. The record indicates he was not present at the final hearing held by the trial court
in this proceeding. 

 After a hearing in June 2004, the court named Raborn sole managing conservator
of the child and named the child's mother as possessory conservator. The final order
dismissed the department as a party to the suit. Reggio was not named a possessory
conservator. (2) It is this order he appeals.

 Reggio filed his pro se notice of appeal, a declaration of inability to pay costs and
"Motion to Vacate Default Judgment" with the trial court. He has filed motions requesting
this court appoint counsel to represent him on appeal and requesting additional time to file
a pro se brief. He also requests a reporter's record of the trial court proceedings. (3) We
directed the department to submit a response to appellant's request for counsel. The
department responded and filed a motion to dismiss the appeal arguing that Reggio's
notice of appeal was not timely and that Reggio had failed to file a statement of points on
which he intended to appeal, as required by Section 263.405(b) of the Texas Family Code. (4) 
We find that Reggio is not entitled to counsel and remand the cause to the trial court. 

 We first address the department's contention that Reggio's notice of appeal was not
timely. If the department files suit seeking to be named conservator of a child, and if a final
order is rendered, appeal of that order is governed by the rules for accelerated appeals in
civil cases and the procedures outlined in Section 263.405 of the Family Code. Tex. Fam.
Code Ann. § 263.401(a), (d), 263.405(a). (5)

 A final order is defined by Section 263.401(d) as an order that requires a child be
returned to the child's parent, appoints the department as managing conservator of the child
with or without terminating the parent-child relationship, or names a relative of the child or
another person as the child's managing conservator. Tex. Fam. Code Ann. § 263.401(d).
Here, the department filed suit, was named temporary managing conservator of the child
and continued as a party to the suit until the final order dismissed it from the suit. A final
order was entered naming the child's paternal grandmother as managing conservator of the
child without termination of the parent-child relationship of either parent. See In re A.J.K.,
116 S.W.3d 165 (Tex.App.-Houston [14th Dist.] 2003, no pet.) (finding that appeal from a
"final order" as defined in Family Code Section 263.401(d) is an accelerated appeal even
when termination of the parent child relationship is not an issue). The order signed by the
court on June 28, 2004, was a final order as defined by Section 263.401. The appeal of that
order meets the criteria for an accelerated appeal under 263.405.

 In an accelerated appeal an appellant has twenty days after the trial court signs its
order to file a notice of appeal. Tex. R. App. P. 26.1(b). The Rules of Appellate Procedure
allow this court to extend the time to file a notice of appeal for 15 days following the
deadline, if the party also files a motion for extension that reasonably explains the need for
the extension. Tex. R. App. P. 10.5(b)(1)(C), 26.3; see also Jones v. City of Houston, 976
S.W.2d 676, 677 (Tex. 1998); Verburgt v. Dorner, 959 S.W.2d 615, 616 (Tex. 1997). A
motion for extension of time is implied when a notice of appeal is filed in good faith within
the 15-day window following the deadline. Jones, 976 S.W.2d at 677; Verburgt, 959 S.W.2d
at 617. It is still necessary, however, for an appellant to reasonably explain the need for an
extension. Jones, 976 S.W. 2d at 677; Verburgt, 959 S.W.2d at 617. A reasonable
explanation includes any plausible statement of circumstances indicating that failure to file
within the required period was not deliberate or intentional. See Garcia v. Kastner Farms,
Inc., 774 S.W.2d 668, 669-70 (Tex. 1989), citing Meshwert v. Meshwert, 549 S.W.2d 383
(Tex. 1977). Further, we are instructed to construe the Rules of Appellate Procedure
"reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not
absolutely necessary to effect the purpose of a rule." Verburgt, 959 S.W.2d at 616-17.

 The judgment appealed here was signed on June 28, 2004. Reggio's notice of
appeal was filed with the trial court on July 28, 2004, 30 days after the judgment was signed. 
Because a motion for extension is implied when a notice of appeal is filed in good faith
within fifteen days following the deadline, Reggio's notice of appeal would be timely, if he
has a reasonable explanation for the delay. Jones, 976 S.W. 2d at 677; Verburgt, 959
S.W.2d at 617. Reggio filed a response to the department's motion to dismiss, explaining
that he believed Rule of Appellate Procedure 4.2 allowed him twenty days from the date he
received notice of the order, to file his notice of appeal. He received notice of the order on
July 6, 2004, and mailed his notice of appeal on July 22, 2004. Rule 4.2 applies only if the
appellant did not receive notice of the judgment within 20 days of the date it was signed.
Tex. R. App. P. 4.2. Reggio acknowledges he received notice of the order eight days after
it was signed, and as a result Rule 4.2 does not apply. But, because his failure to file within
the required period was not deliberate or intentional we find Reggio had a reasonable
explanation for the delay. 

 The department agrees that Section 263.405 applies to this case, but next argues
that Reggio's affidavit of indigence and request for appointment of counsel are untimely and
therefore of no effect. An affidavit of indigence must be filed in the trial court with or before
the notice of appeal. Tex. R. App. P. 20.1(c)(1). We have determined appellant's notice of
appeal to be timely and because the affidavit of indigence was filed with the notice of
appeal, it was also timely filed. 

 The department also contends that because Reggio failed to file a statement of points
as required by the Family Code, the appeal should be dismissed. Section 263.405(b)
provides that a party intending to appeal the order subject to Subchapter E must file with the
trial court a statement of the point or points on which the party intends to appeal. Tex. Fam.
Code Ann. § 263.405(b). Failure to file a statement of points does not deprive the appellate
court of jurisdiction. In re T.A.C.W., 143 S.W.3d 249, 251 (Tex.App.-San Antonio 2004, no
pet.); In re T.C., No. 07-03-0077-CV, 2003 WL 21658314 at *2 (Tex.App.-Amarillo, July 15,
2003, no. pet.); In re D.R.L.M., 84 S.W.3d 281, 290-91 (Tex.App.-Fort Worth 2002, pet.
denied). 


 Moreover, although Reggio did not file a statement of points, he did include in his
notice of appeal a statement of the issues he plans to raise in his appeal. The purpose of
the requirement that an appellant file a statement of points on appeal is to provide the trial
court with the information needed to determine whether an appeal is frivolous, thereby
allowing rapid disposition of frivolous appeals. In re S.J.G., 124 S.W.3d 237, 242-43
(Tex.App.-Fort Worth 2003, pet. denied). Reggio's notice of appeal contains the points he
plans to raise on appeal and provides the information required by Section 263.405(b). We
will not dismiss the appeal because of a failure to file a separate statement of points. The 
department's motion to dismiss is denied.

 We next consider Reggio's request for appointment of appellate counsel. The Family
Code did not require appointment of counsel for Reggio at trial, even assuming his
indigency. An attorney ad litem must be appointed to represent an indigent parent in a suit
filed by the department in which termination of the parent-child relationship is requested if
the parent responds in opposition to the termination. Tex. Fam. Code Ann. § 107.013(a)
(Vernon Supp. 2004-2005). (6) Nothing in the record before us indicates the department
requested termination of parental rights at any stage of the proceedings. (7) 


 Section 263.405(e) contains language concerning appointment of counsel, but we
do not read that language as providing an additional right to counsel on appeal of cases not
involving termination of parental rights. The purposes and intent of the legislature's adoption
of Subchapter E have been reviewed by other courts. See, e.g., In re S.J.G., 124 S.W.3d
at 242-43 (legislature's intent in adopting section 263.405 was to provide mechanism to
reduce frivolous parental-termination appeals and to reduce post-judgment appellate delays
in parental-termination appeals). We also have reviewed the legislative history of
Subchapter E and agree the legislature's primary reason for enacting Section 263.405 was
to accelerate the appeals process in foster care cases and assure prompt resolution of such
cases. Senate Committee on Jurisprudence, Bill Analysis, Tex. H.B. 2249, 77th Leg., R.S.
(2001). We find nothing to indicate a legislative intent to enlarge the entitlement to counsel
on appeal to include cases in which termination was not sought by the department and the
interests at stake do not rise to the level of those in a termination case. (8) On the record
before us, we decline to require appointment of counsel for Reggio. There remains Reggio's request for a free reporter's record of the proceedings in the
trial court. Under Rule of Appellate Procedure 20.1(j), a party whose indigence has been
established is entitled to preparation of the appellate record without prepayment. By express
reference to Civil Practice and Remedies Code Section 13.003(b), Section 263.405(d) further
conditions a party's entitlement to a free record in cases under Subchapter E to the trial
court's determination the appeal is not frivolous. (9) Tex. Fam. Code Ann. § 263.405(d)(3); Tex.
Civ. Prac. & Rem. Code Ann. § 13.003(b) (Vernon 2002); Salinas v. Texas Dept. of
Protective & Regulatory Servs., No. 03-04-00065-CV, 2004 WL 1896890 at *4
(Tex.App.-Austin, August 26, 2004, no pet.) (memorandum op.); In re H.D.H., 127 S.W.3d
921, 923 (Tex.App.-Beaumont 2004, no pet.). Accordingly, we abate the appeal and remand
it to the trial court. The trial court shall conduct the hearing and make the determinations
required by Section 263.405(d). The trial court shall cause the record of the Section 263.405
hearing and its determinations following the hearing to be filed with the clerk of this court no
later than January 7, 2005. 

 Reggio's motion requesting additional time to file a pro se brief is premature and we
do not consider it at this time. 


 Per Curiam

1. 
- 
 
2. 
 - 
 
 ' 
 
3. ' - 
 - 
4. 
 
5. " 
 " 
 
- 
 
6. 
 
 
 
 § -
7. ' 
 
 § 
 -
8. 
 '
 § 
 
 
 
9.