COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-04-349-CV

 

 

IN THE INTEREST OF 

 

 

 

K.D., A CHILD                                                                                     

 

                                              ------------

 

            FROM
THE 367TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                OPINION
ON REHEARING

 

                                              ------------

I.                  
Introduction

            This appeal arises from the termination of Appellant=s parental rights over her minor child,
K.D.  The department of family and
protective services (AThe
Department@)
instituted termination proceedings. 
After a jury trial at which Appellant was represented by court-appointed
counsel, the trial court signed an order terminating Appellant=s parental rights. 








The trial court appointed new counsel to represent
Appellant with regard to her post-trial motions and appeal.  Appellant then filed her statement of points
on appeal with the trial court.  Rather
than state specific points, Appellant complained that her appellate counsel
could not definitively state the points on appeal until the reporter=s record of the trial was
prepared.  Appellant also stated that Asufficiency of the evidence will be
challenged for the statutory grounds used to terminate and >best interest=
grounds.  Any other reasonable appealable
issue will be brought to the attention of the court of appeals.@ 
Appellant then filed a notice of appeal, a motion for new trial, an
affidavit of inability to pay costs, and motions for a free clerk=s record and a free reporter=s record on appeal. 

The trial court conducted an evidentiary hearing
under family code section 263.405(d).  See Tex.
Fam. Code Ann. '
263.405(d) (Vernon Supp. 2006). The trial court denied the motion for new trial
and found that Appellant=s
appeal was frivolous under section 263.405 of the family code and section
13.003 of the civil practice and remedies code. 
Appellant then filed an amended notice of appeal to include a challenge
to the trial court=s finding
that her appeal was frivolous.  The court
reporter and court clerk filed records of the section 263.405 hearing with this
court without advance payment from Appellant.








After issuing our original opinion and judgment in
this appeal, we granted rehearing on our own motion and ordered the reporter=s record of the trial.  See In re M.R.J.M., 193 S.W.3d 670,
676 (Tex. App.CFort
Worth 2006, no pet. h.) (en banc) (holding that under the separation of powers
clause an appellate court has the authority to order preparation of all of the
evidence in a termination case when necessary to review a trial court=s determination that an appeal is
frivolous).

III.       Discussion

Appellant raises three points on appeal.  Her first two points challenge the
constitutionality of family code section 263.405.  Her third point challenges the trial court=s finding that Appellant=s appeal is frivolous.

A.               
Constitutional
issues

            In her first two points, Appellant argues that family
code section 263.405








violates the constitutions of the United States and Texas.[1]  The gist of
Appellant=s argument is that section 263.405 of the Texas Family
Code is unconstitutional because it treats an indigent party=s appeal
differently from a non-indigent party=s appeal and because it makes a distinction between
parents in a private termination case and parents in a termination case brought
by the Department.  Specifically,
Appellant argues that the statute allows a trial judge to deny an indigent
appellant a record of the trial, while a non-indigent appellant could purchase
a record and provide it to the appellate court and that the statute subjects a
parent whose parental rights have been terminated in a suit brought by the
government to a hearing held by the trial court to determine whether his or her
appeal is frivolous, while a parent whose parental rights have been terminated
in a suit brought by an individual is able to freely appeal the termination
order.  We have resolved Appellant=s constitutional
challenges against her.  See In re
T.C. & G.C., No. 02-05-074-CV, 2006 WL 2167158, at *3-4 (Tex. App.CFort Worth Aug. 3,
2006, no pet. h.).  For the reasons
discussed below, we conclude that family code section 263.405 applies equally
to indigent and to non-indigent parents and applies equally in termination
suits initiated by the Department and by private individuals.








As we stated in In
re T.C. & G.C., in addressing Appellant=s constitutional
challenges to family code section 263.405, we begin with the premise that, if
possible, we must interpret section 263.405 in a manner that renders it
constitutional.  Id. (citing FM
Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 873 (Tex. 2000); Quick
v. City of Austin, 7 S.W.3d 109, 115 (Tex. 1998)).  A party raising a facial challenge to the
constitutionality of a statute must demonstrate that the statute always
operates unconstitutionally.  Wilson
v. Andrews, 10 S.W.3d 663, 670 (Tex. 1999). 
In other words, a challenger must establish that no set of circumstances
exists under which the statute would be valid. 
Id.  In reviewing a facial
challenge to a statute=s constitutionality, we consider the statute as
written, rather than as it operates in practice.  See Barshop v. Medina County Underground
Water Conservation Dist., 925 S.W.2d 618, 626-27 (Tex. 1996).

Family code
section 263.405 provides in relevant part:

(d)
The trial court shall hold a hearing not later than the 30th day  after the date the final order [terminating
parental rights] is signed to determine whether:

 

(1) a new trial should be granted;

 

(2) a party=s
claim of indigence, if any, should be sustained; and

 

(3) the appeal is frivolous as
provided by Section 13.003(b), Civil Practice and Remedies Code.

 

. . . .

 

(f)
The appellate record must be filed in the appellate court not later than the
60th day after the date the final order is signed by the trial judge, unless
the trial court, after a hearing, grants a new trial or denies a request for a
trial court record at no cost.

 








(g)
The appellant may appeal the court=s
order denying the appellant=s
claim of indigence or the court's finding that the appeal is frivolous by
filing with the appellate court the reporter=s
record and clerk=s
record of the hearing held under this section, both of which shall be provided
without advance payment, not later than the 10th day after the date the court
makes the decision.  The appellate court
shall review the records and may require the parties to file appellate briefs
on the issues presented, but may not hear oral argument on the issues.  The appellate court shall render appropriate
orders after reviewing the records and appellate briefs, if any.

 

Tex. Fam.
Code Ann. ' 263.405(d),
(f)-(g) (Vernon Supp. 2006). 

Section 263.405
does not set out the test the trial court is required to apply to determine
whether a party is indigent and is therefore entitled to a free record.  See id. ' 263.405(f). 
That test is set forth in section 13.003 of the civil practice and
remedies code, which is captioned AFree Transcript of Statement of Facts on Appeal@ and states in part:

(a)
Subject to Subsection (c), a court reporter shall provide without cost a
statement of facts and a clerk of a court shall prepare a transcript for
appealing a judgment from the court only if:

 

(1) an affidavit of inability to
pay the cost of the appeal has been filed under the Texas Rules of Appellate
Procedure; and

 

(2) the trial judge finds:

 

(A) the appeal is not frivolous;
and

 

(B)
the statement of facts and the clerk=s
transcript is needed to decide the issue presented by the appeal.

 

Tex. Civ.
Prac. & Rem. Code Ann. ' 13.003(a) (Vernon
2002).








Thus, juxtaposing
family code section 263.405 and civil practice and remedies code section
13.003(a), a trial court=s determination that an appeal is frivolous has two
statutory consequences.  First, under
family code section 263.405(g), it limits the scope of appellate review to the
trial court=s determination that the appeal is frivolous.  In re S.J.G., 124 S.W.3d 237, 243
(Tex. App.CFort Worth 2003, pet. denied) (recognizing that, after
a finding by the trial court that an appeal is frivolous, parent whose parental
rights have been terminated may appeal trial court=s frivolousness
determination).  Section 263.405(g)=s statutory limit
on the scope of appellate review following a frivolousness determination
applies equally to indigent and to non-indigent appellants.  See Tex.
Fam. Code Ann. ' 263.405(g). 
Second, under civil practice and remedies code section 13.003(a)(2)(A),
a trial court=s frivolousness determination has the consequence of
denying an indigent appellant the right to a free clerk=s record and
reporter=s record of the underlying trial.  Tex.
Civ. Prac. & Rem. Code Ann. '
13.003(a)(2)(A).  This second
consequence, the statutory denial of a free appellate record to an indigent
appellant, occurs, of course, only when the appellant is indigent.  It is the disparate impact of this second
statutory consequence of section 263.405(d)(3) frivolousness finding that
Appellant argues is unconstitutional.








A close
examination of the interplay between family code section 263.405(d), (f), (g)
and civil practice and remedies code section 13.003(a)(2)(A) demonstrates that
the second consequence is immaterial because of the first consequence.  That is, once the trial court determines that
an appeal is frivolous, the scope of appellate review is statutorily limited to
a review of the trial court=s frivolousness finding.  Tex.
Fam. Code Ann. ' 263.405(g); see also S.J.G., 124 S.W.3d at
243.  And section 263.405(g) mandates
that the reporter=s record and the clerk=s record of the
frivolousness hearing Ashall be provided without advance payment@ to the
appellant.  Tex. Fam. Code Ann. ' 263.405(g). 
Nothing in section 263.405 suggests that a non-indigent appellant has
the right to file any record with an appellate court other than the reporter=s record and the
clerk=s record of the frivolousness hearing.  Therefore, an appellant is statutorily
guaranteed the same limited appellate review of a trial court=s frivolousness
finding regardless of whether the appellant is indigent.








Appellant also
questions how it can be that a parent facing state-initiated termination under
family code chapter 263 is statutorily limited to an appellate review of the
record of a trial court=s frivolousness finding, while a parent facing
termination initiated by a private party has the right to a full appeal under
family code section 109.002, which allows appeal from a final termination order
Aas in civil cases generally.@  See Tex.
Fam. Code Ann. ' 109.002 (Vernon 2002).  But Appellant=s question is a
non sequitur; the premise underlying the question is faulty.  Suppose a parent seeking to appeal a private
termination seeks a free record under civil practice and remedies code section
13.003.  See Tex. Civ. Prac. & Rem. Code Ann. ' 13.003.  If the trial court determines that the appeal
is frivolous under section 13.003(a)(2)(A), then the parent is not entitled to
a free record.  See id. ' 13.003(a).  The parent would be entitled to a free record
of the frivolousness hearing so that the frivolousness finding could be
reviewed by the appellate court.  See
De La Vega v. Taco Cabana, Inc., 974 S.W.2d 152, 154 (Tex. App.CSan Antonio 1998,
no pet.).  In other words, the indigent
parent in a private termination whose appeal is deemed frivolous has precisely
the same right to a free record of the frivolousness hearing given by section
263.405 to an indigent parent in a state termination whose appeal is deemed
frivolous.  Thus, the disparity between
the two proceedings posited by Appellant does not exist.  Because both indigent and non-indigent
appellants have the equal right and opportunity to appeal a frivolousness
finding, we hold that section 263.405 does not violate Appellant=s equal protection
or due process rights.








We turn now to
Appellant=s complaint that section 263.405 denies her her
constitutional right to an appeal with a full record.  After the briefs were submitted in this case,
we held that an appellate court has the authority to order the preparation of a
free record of all of the evidence in a termination case when necessary to
review a trial court=s determination that an appeal raising a factual
sufficiency complaint is frivolous.  In
re M.R.J.M., 193 S.W.3d 670 at 676 (holding that such an order is Aappropriate@ under section
263.405(g)).  In this case, after
reviewing the record from the frivolousness hearing, we ordered the court
reporter to prepare and file a reporter=s record
containing all of the evidence admitted at the termination trial.  See Tex.
R. App. P. 34.6(d).  Because we
obtained and reviewed the reporter=s record from the trial in connection with our review
of the trial court=s frivolousness findings, we fully examined the merits
of Appellant=s purported issues on appeal.  Thus, we cannot agree that section 263.405
operates to deny appellants of a meaningful appeal.  In any event, in light of the review we have
conducted, Appellant has suffered no harm from the complaint she asserts.  See Tex.
R. App. P. 44.1(a).         We therefore overrule Appellant=s first and second
issues.

B.     Review of frivolousness
finding

We turn now to Appellant=s third point, in which she challenges the trial court=s finding that her appeal is frivolous. 








In determining whether an
appeal is frivolous, Aa judge may
consider whether the appellant has presented a substantial question for
appellate review.@  Tex.
Civ. Prac. & Rem. Code Ann. ' 13.003(b); Tex. Fam. Code Ann.
' 263.405(d)(3) (incorporating section 13.003(b) by reference). AIt is well established, however, that a proceeding is >frivolous= when it >lacks an arguable basis either in law or in fact.=@  De La Vega,  974 S.W.2d at 154.  We review a trial court=s finding of frivolousness under the abuse of discretion
standard.  Id.

Appellant first complains of
a Asignificant and unconstitutional delay in the mandatory appointment of
counsel for Appellant at the beginning of this process.@  The record contains an unsworn
and undated Aapplication
for court-appointed attorney and financial affidavit.@  The trial court appointed
trial counsel on May 13, 2004, some five months after the Department filed its
original petition.  But because Appellant=s application for a court-appointed attorney is undated, we cannot
determine whether the delay in appointing counsel was unconstitutionalCindeed, we cannot determine whether there was any delay at all.  Moreover, we note that Appellant
originally filed the cause from which she now appeals in an attempt to
terminate the parental rights of K.D.=s biological father.  Appellant
was represented by retained counsel when she filed the termination suit and for
some time thereafter.  The record does
not reflect when Appellant=s retained counsel withdrew.  We
cannot conclude that the trial court abused its discretion when it determined
that Appellant=s complaint
about the delay in the appointment of counsel was frivolous.








Appellant next complains of
ineffective assistance of counsel at trial. 
At the hearing on her motion for new trial, Appellant testified that she
had asked her trial counsel to call four witnesses to testify on her behalf,
but her trial counsel called none of them. 
Appellant summarized for the trial court the testimony she expected the
uncalled witnesses would provide.  She
also testified that trial counsel failed to offer a physical exhibit and
Appellant=s family
photographs into evidence. 

To establish ineffective
assistance of counsel, a party must show (1) that counsel=s performance was deficient and (2) that the deficient performance
prejudiced the defense.  In re M.S.,
115 S.W.3d 534, 545 (Tex. 2003).  With
respect to whether counsel=s performance in a particular case is deficient, a court must take
into account all of the circumstances surrounding the case and must primarily
focus on whether counsel performed in a reasonably effective manner.  Id. 
In this process, a court must give great deference to counsel=s performance, indulging a strong presumption that counsel=s conduct falls within the wide range of reasonable professional
assistance, including the possibility that counsel=s actions are strategic.  Id.  It is only when the conduct was so outrageous
that no competent attorney would have engaged in it that the challenged conduct
will constitute ineffective assistance.  Id.








We have reviewed Appellant=s testimony from the new trial hearing in light of the supreme court=s guidelines in In re M.S. 
Appellant testified that trial counsel ignored her request to call the
following witnesses to testify at trial: a police officer who would have
testified that he declined to arrest Appellant for child abandonment; a friend
who Awould have testified positively in regard to [Appellant=s] parenting abilities@; a psychologist who performed a psychological evaluation on
Appellant; and a psychologist who performed a developmental assessment of
K.D.  Even assuming that her witnesses
would have testified as Appellant claims, we cannot conclude that the trial
court abused its discretion by determining that Appellant=s claim of ineffective assistance was frivolous.

Appellant next argues that A[a]fter the record is reviewed, there may be factual and legal
sufficiency issues.@








A discussion of the
applicable standard of review is in order. 
The trial court found that Appellant=s potential legal and factual sufficiency challenges are frivolous;
that is, that they lack a substantial basis in law or fact.  Due process requires the petitioner to
justify termination by clear and convincing evidence.  TEX. FAM. CODE ANN. '' 161.001,
161.206(a) (Vernon Supp. 2006); In re
J.F.C., 96 S.W.3d 256, 263 (Tex. 2002). 
The higher burden of proof in termination cases elevates the appellate
standard of both legal and factual sufficiency review.  In re J.F.C., 96 S.W.3d at 265; In
re C.H., 89 S.W.3d 17, 25 (Tex. 2002). 
In reviewing the evidence for legal sufficiency in parental termination
cases, a court must review all of the evidence in the light most favorable to
the verdict and determine whether the evidence is such that a factfinder could
reasonably form a firm belief or conviction that the grounds for termination were
proven.  In re J.F.C., 96 S.W.3d
at 265-66.  In a factual sufficiency
review, in determining whether the evidence is such that a factfinder could
reasonably form a firm belief or conviction that its finding was true, a court
must consider whether disputed evidence is such that a reasonable factfinder
could not have resolved it in favor of the finding.  Id.

When the trial court conducts
a frivolousness hearing on an appellant=s proposed legal and factual sufficiency issues, the trial court
should apply the standard of review applicable to clear and convincing evidence
as set out above.  When, as here, the
trial court determines that the appeal is frivolous, we review that determination
for an abuse of discretion.  See De La
Vega,  974 S.W.2d at 154.  Thus, the question before this court is
whether the trial court abused its discretion by determining that the evidence
is such that a factfinder could reasonably form a firm belief or conviction
that its finding was true.  With this
standard in mind, we turn to the verdict and the evidence in this case.

The jury found by clear and
convincing evidence that:

$                  
Appellant knowingly placed or knowingly allowed
K.D. to remain in conditions or surroundings that endangered K.D.=s
physical or emotional well-being;

 

$                  
Appellant engaged in conduct, or knowingly placed
K.D. with persons who engaged in conduct, that endangered K.D.=s
physical or emotional well-being;

 








$                  
Appellant constructively abandoned K.D.;

 

$                  
Appellant used a controlled substance in a manner
that endangered K.D.=s
health or safety and (1) failed to complete a court-ordered substance abuse
program or (2) after the completion of a court-ordered substance abuse program,
continued to abuse a controlled substance;

 

$                  
Appellant failed to comply with the provisions of
a court order that specifically established the actions necessary for the return
of K.D. to Appellant=s
conservatorship; and

 

$                  
Termination of the parent-child relationship
between Appellant and K.D. is in K.D.=s best interest. 

 

The evidence at trial showed
that Appellant abused drugs, using up to three grams of methamphetamine daily;
she was unemployed and failed to obtain and maintain employment as part of her
service plan; Appellant did not maintain safe and suitable housing; she lived
with a man whom she knew to be a drug abuser; Appellant failed to attend
several drug treatment programs to which she was referred; she was expelled
from another court-ordered drug treatment program; Appellant allowed K.D. to
wander around a motel parking lot for over an hour while Appellant was sleeping
off a methamphetamine high;  K.D. had a
severe diaper rash and a head-lice infestation when she entered foster care;
Appellant made virtually no progress on her CPS service plan; and Appellant
attended just thirteen of thirty-four possible opportunities to visit K.D.
after K.D. entered foster care. 








Considering all of the
evidence, we cannot say that the trial court abused its discretion by
concluding that the evidence is such that a factfinder could reasonably form a
firm belief or conviction that its finding was true and that Appellant=s challenges to the legal and factual sufficiency of the evidence are
frivolous.

Next, Appellant challenges the
constitutionality of the parental-rights termination process as a whole.  Appellant argues that A[i]t is impossible without a record to be able to explain all the due
process and equal protection issues in this matter@ and that AAppellant
wants the ability to challenge CPS=s unfettered discretion to set up a service plan,@ and Appellant points us to the constitutional challenge she urged at
the frivolousness hearing.  At the
hearing, Appellant tied her constitutional challenge to the alleged delay in
the appointment of counsel but did not offer factual or legal support for her
constitutional argument.  We have already
concluded that the trial court did not abuse its discretion when it determined
that Appellant=s issue
concerning the appointment of counsel was frivolous.  Based on the record that was before the trial
court and that is before us now, we hold that the trial court did not abuse its
discretion by finding that Appellant=s constitutional challenge is frivolous.








Finally, Appellant argues
that A[o]ther possible issues that might come up after review of the record
are jury selection, charge error, evidentiary rulings and arguments of counsel.@  We note that voir dire, the
charge conference, and argument were not recorded by the court reporter, and
Appellant did not develop evidence regarding these potential complaints at the
frivolousness hearing.  Our review of the
record reveals no significant, erroneous evidentiary rulings.  Thus, we cannot say that the trial court
abused its discretion in concluding that these potential complaints are
frivolous.

In summary, we agree that any
appeal from the judgment would not present a substantial question for appellate
review.  See Tex. Fam. Code Ann. ' 263.405(d); Tex. Civ. Prac.
& Rem. Code Ann. ' 13.003(b); see also In re M.R.J.M., 193 S.W.3d at 676.  Accordingly, we hold that the trial court did not abuse its discretion by concluding
that Appellant=s appeal is frivolous.  We overrule Appellant=s third issue.

IV.    Conclusion

Having overruled all of
Appellant=s issues, we
affirm the judgment of the trial court.  See
Tex. R. App. P. 43.2(a).

 

 

 

ANNE GARDNER

JUSTICE

 

PANEL F:    GARDNER, WALKER, and MCCOY, JJ.

 

DELIVERED:  August 24, 2006











[1]We
note that Appellant=s
constitutional complaints are vague, and her brief does not cite any particular
provisions of either the federal or Texas constitution.  We infer that Appellant=s
argument is based on her constitutional due process and equal protection
guarantees.