# NO. 12-14-00012-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 3RD* |
|  | § | *JUDICIAL DISTRICT COURT* |
| *L. W. AND Z. H., CHILDREN* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

A.W. and E.H. appeal the termination of their parental rights. In two issues, they challenge the order of termination. We affirm.

## BACKGROUND

A.W. is the mother of two children: L.W., born March 7, 2011, and Z.H., born August 22, 2012. E.H. is the father of Z.H. On January 3, 2013, the Department of Family and Protective Services (the Department or CPS) filed an original petition for protection of L.W. and Z.H., for conservatorship, and for termination of A.W.'s and E.H.'s parental rights. The Department was appointed temporary managing conservator of the children, and A.W. and E.H. were appointed temporary possessory conservators.

At the conclusion of the trial on the merits, the trial court found that A.W. and E.H. had each engaged in one or more of the acts or omissions necessary to support termination of their parental rights. Specifically, the court found that A.W. (1) had knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered their physical or emotional well being; (2) had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered their physical or emotional well being; (3) had constructively abandoned the children who had been in the managing conservatorship of the Department for not less than six months, and (a) the Department had made reasonable efforts to return the children to A.W., (b) A.W. did not regularly visit or maintain significant contact with

the children, and (c) she demonstrated an inability to provide the children with a safe environment; and (4) had failed to comply with a court order that established the actions necessary to obtain the return of her children. The trial court made the same findings regarding E.H. and his daughter Z.H. The trial court further found that termination of the parent-child relationships was in the children's best interest.

Based on these findings, the trial court ordered that the parent-child relationships between A.W. and the children and E.H. and Z.H. be terminated. This appeal followed.

**TERMINATION OF PARENTAL RIGHTS**

Involuntary termination of parental rights implicates fundamental constitutional rights. *Vela v. Marywood*, 17 S.W.3d 750, 759 (Tex. App.–Austin 2000), *pet. denied per curiam*, 53 S.W.3d 684 (Tex. 2001); *In re J.J.*, 911 S.W.2d 437, 439 (Tex. App.–Texarkana 1995, writ denied). Because a termination action "permanently sunders" the bonds between a parent and child, the proceedings must be strictly scrutinized. *Wiley v. Spratlan*, 543 S.W.2d 349, 352 (Tex. 1976); *In re Shaw*, 966 S.W.2d 174, 179 (Tex. App.–El Paso 1998, no pet.).

Section 161.001 of the family code permits a court to order termination of parental rights if two elements are established. TEX. FAM. CODE ANN. § 161.001 (West Supp. 2013); *In re J.M.T.*, 39 S.W.3d 234, 237 (Tex. App.–Waco 1999, no pet.). First, the parent must have engaged in any one of the acts or omissions itemized in the first subsection of the statute. TEX. FAM. CODE ANN. § 161.001(1) (West Supp. 2013); *Green v. Tex. Dep't of Protective & Regulatory Servs.*, 25 S.W.3d 213, 219 (Tex. App.–El Paso 2000, no pet.); *In re J.M.T.*, 39 S.W.3d at 237. Second, termination must be in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(2) (West Supp. 2013); *In re J.M.T.*, 39 S.W.3d at 237. Both elements must be established by clear and convincing evidence, and proof of one element does not alleviate the petitioner's burden of proving the other. TEX. FAM. CODE ANN. § 161.001; *Wiley*, 543 S.W.2d at 351; *In re J.M.T.*, 39 S.W.3d at 237.

The clear and convincing standard for termination of parental rights is both constitutionally and statutorily mandated. TEX. FAM. CODE ANN. § 161.001; *In re J.J.*, 911 S.W.2d at 439. Clear and convincing evidence means "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations

2

sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2008). The burden of proof is upon the person seeking the deprivation of parental rights. *In re J.M.T.*, 39 S.W.3d at 240.

## STANDARD OF REVIEW

The appropriate standard for reviewing a factual sufficiency challenge to the termination findings is whether the evidence is such that a fact finder could reasonably form a firm belief or conviction about the truth of the petitioner's allegations. *In re C.H.*, 89 S.W.3d 17, 18-19 (Tex. 2002). In determining whether the fact finder has met this standard, an appellate court considers all the evidence in the record, both that in support of and contrary to the trial court's findings. *See id*. at 27-29. Further, "[a] court of appeals should consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding." *In re J.F.C.*, 96 S.W.3d at 266. "[T]he trier of fact is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony." *In re S.J.G.*, 124 S.W.3d 237, 246 (Tex. App.–Fort Worth 2003, pet. denied).

The trial court's findings of fact and conclusions of law have the same force and dignity as a jury's verdict upon jury questions. *See Latch v. Gratty, Inc.*, 107 S.W.3d 543, 545 (Tex. 2003) (per curiam) (citing *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994)). We review the trial court's findings of fact for legal and factual sufficiency of the evidence under the same standards applied to jury findings. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). The trial court's conclusions of law are not reviewable from an evidentiary standpoint; however, we may review the conclusions drawn from the facts to determine their correctness. *See In re Marriage of Harrison*, 310 S.W.3d 209, 212 (Tex. App.—Amarillo 2010, pet. denied) (citing *Ashcraft v. Lookadoo*, 952 S.W.2d 907, 910 (Tex. App.—Dallas 1997, writ denied) (en banc)).

## BEST INTEREST OF THE CHILDREN

In two issues, A.W. and E.H. argue that the evidence is factually insufficient to support a finding that termination of their parental rights was in the best interest of the children. In determining the best interest of the child, a number of factors are considered, including "(A) the desires of the child; (B) the emotional and physical needs of the child now and in the future; (C) the emotional and physical danger to the child now and in the future; (D) the parental abilities of the individuals seeking custody; (E) the programs available to assist these individuals to promote

the best interest of the child; (F) the plans for the child by these individuals or by the agency seeking custody; (G) the stability of the home or proposed placement; (H) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one; and (I) any excuse for the acts or omissions of the parent." *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976).

This list is not exhaustive, but simply indicates considerations that have been or could be pertinent. *Id.* The best interest of the child, however, does not require proof of any particular set factors. *In re D.M.*, 58 S.W.3d at 814. The *Holley* factors focus on the best interest of the child, not the parent's best interest. *Dupree v. Tex. Dep't of Protective & Regulatory Servs.*, 907 S.W.2d 81, 86 (Tex. App.—Dallas 1995, no writ). We apply the *Holley* factors below.

## Analysis

The Department became involved with A.W., E.H., and the children in December 2012 after A.W. took L.W. to the hospital. Emergency room personnel diagnosed L.W. with the flu and pneumonia and recommended that she remain in the hospital to receive intravenous medication for her condition. A.W., however, told the hospital staff that she wanted to take L.W. to another hospital, and she checked her out against medical advice. A.W. then took L.W. to a babysitter's home and left her there while she and E.H. traveled to another town to purchase methamphetamines. Hospital staff contacted nearby medical facilities to verify whether L.W. was receiving care, and then alerted law enforcement and CPS when they were unable to locate L.W. Law enforcement found L.W. at the babysitter's home, and L.W. was taken back to the hospital where she was treated and released the next day.

Throughout the course of the resulting CPS case, the parents were provided many opportunities to receive help for their drug addictions and to learn how to better parent their children, but neither A.W. nor E.H. took advantage of those opportunities. At trial, A.W. admitted to methamphetamine use within the previous two weeks. E.H.'s most recent drug test was likewise positive for amphetamines and methamphetamine. A.W. was incarcerated at the time of trial, and E.H. was reportedly living in a vacant home without utilities.

In her defense, A.W. testified that she missed drug assessment appointments because of a lack of transportation. She further blamed her failure to complete services on the length of time it took to get a CPS courtesy worker in the county where she moved. She admitted, however, that even after she received a courtesy worker, she did not participate in any services for the

4

remaining six months of the case. Furthermore, the courtesy worker testified that she had arranged transportation to take A.W. and E.H. to the assessments.

At the time of trial, the two children were thriving in a foster home. The foster parents both testified that they wished to adopt the two girls.

A.W. testified that she and E.H. did not use drugs around the children, and the parents argue on appeal that the evidence therefore does not support termination even though both parents have drug abuse issues. While this and some other evidence may conflict with the trial court's finding, the conflicting evidence is not so significant that a reasonable trier of fact could not have reconciled it in favor of its finding and formed a firm belief or conviction that terminating A.W.'s and E.H.'s parental rights was in the best interest of the children.

Therefore, we hold that the evidence is factually sufficient to support the trial court's finding that termination of A.W.'s and E.H.'s parental rights is in the best interest of the children. Accordingly, we overrule A.W.'s and E.H.'s first and second issues.

### DISPOSITION

Having overruled both of A.W.'s and E.H.'s issues, we ***affirm*** the judgment of the trial court.

SAM GRIFFITH
Justice

Opinion delivered June 25, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 25, 2014**

**NO. 12-14-00012-CV**

**IN THE INTEREST OF
L. W. AND Z. H., CHILDREN**

Appeal from the 3rd District Court

of Houston County, Texas (Tr.Ct.No. 13-0007)

　　　　　THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

　　　　　It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

　　　　　Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*