Weldon GAY et ux., Petitioners,

v.

CITY OF HILLSBORO, Texas, Respondent.

No. B–6094.

Supreme Court of Texas.

Jan. 12, 1977.

Rehearing Denied Feb. 16, 1977.

Carter, Jones, Magee, Rudberg, Moss & Mayes, Ralph C. Jones, Dallas, for petitioners.

Naaman, Howell, Smith & Chase, Larry O. Brady, Waco, for respondent.

DENTON, Justice.

Petitioners have perfected this appeal from a take nothing summary judgment in this suit for personal injuries against the City of Hillsboro for alleged negligence in failing to keep a street in reasonable repair. The court of civil appeals held that it was the burden of the petitioners to bring forward depositions relied upon by the trial court in granting summary judgment; and that in the absence of the depositions, the court would presume that the omitted depositions establish the correctness of the judgment. 536 S.W.2d 425. We reverse and remand the cause to the court of civil appeals.

The judgment of the trial court reflects it was based on the pleadings, depositions, exhibits and affidavits. Petitioners' timely

request of the transcript to the Hill County District Clerk included the request for the depositions of six named witnesses. A transcript was timely filed in the court of civil appeals on January 23, 1976. During oral argument on April 8, 1976, counsel for appellants, petitioners here, learned that the depositions had not been included in the transcript as requested. On April 15, the court rendered judgment affirming the judgment of the trial court and holding it would presume the omitted depositions established the correctness of the trial court judgment. A motion to amend and supplement the transcript and for leave to file the depositions was filed on April 23. This motion was overruled on April 29. Petitioners' motion for rehearing, which included an assignment of error on the failure of the court to permit the filing of the amended and supplemental transcript, was also overruled by the court.

■ Texas Rule of Civil Procedure 428 provides that if anything material to either party is omitted from the transcript or statement of facts, the parties by stipulation, or the trial court or appellate court on a proper suggestion or on its own initiative, may direct a supplemental record to be certified and transmitted by the clerk of the trial court supplying such omitted matter. The rule should be given a liberal construction. Tex.R.Civ.P. 1, 370.

■ The timely filed request for a transcript included the six depositions at issue. The fact that the district clerk omitted the depositions from the transcript was not known by petitioners' attorney until the day of oral argument. The court should not impose on petitioners the harsh result of affirmance because it was presumed the omitted depositions established the correctness of the trial court judgment on account of the neglect of the district clerk. The court of civil appeals reached this result without affording petitioners an opportunity to overcome the presumption when it overruled petitioners' motion to supplement the transcript. It has long been held that where on account of the neglect of the clerk, the record is incomplete so that it

failed to show the jurisdiction of the appellate court, the appeal should not be dismissed without giving appellant an opportunity to correct the transcript. *Wells v. Driskell*, 105 Tex. 77, 145 S.W. 333 (1912); *Smirl v. Globe Laboratories*, 144 Tex. 41, 188 S.W.2d 676 (1945); *Blalock v. Slocomb*, 245 S.W. 648 (Tex.Comm'n App.1922, jdgmt. adopted).

Rule 428 authorizes the appellate court to permit or to direct a supplemental record to be prepared and filed. This Court in *Barron v. James*, 145 Tex. 283, 198 S.W.2d 256 (1946), construed Rule 428 in a case where the court of civil appeals declined to permit petitioners to file a supplemental transcript and statement of facts. The Court held: "We have granted petitioners' motion filed in this Court for permission to file the supplemental record, which, in our opinion, the Court of Civil Appeals should have permitted them to file."

We hold the court of civil appeals abused its discretion in overruling the petitioners' motion to supplement the transcript containing the six depositions timely filed in the trial court.

The judgment of the court of civil appeals is reversed and the cause is remanded to that court for a determination of the merits of the appeal.

YARBROUGH, J., not sitting.