Randy Roberts, George C. Black, Jr., Dallas, for appellant.

Peter S. Chamberlain, Dallas, for appellee.

Before GUITTARD, C. J., and FISH and ALLEN, JJ.

Elizabeth GOLDSMITH, Appellant,

v.

John E. "Jack" STEPHENSON, Appellee.

No. 05–82–00109–CV.

Court of Appeals of Texas,
Dallas.

April 19, 1982.

MOTION FOR EXTENSION OF TIME TO FILE SUPPLEMENTAL TRANSCRIPT AND STATEMENT OF FACTS

ALLEN, Justice.

Appellee has moved for an extension of time to file a supplemental transcript, statement of facts and brief. Appellant opposes only the motion to extend time to supplement the record on the ground that further supplementation is unnecessary in this case. Because appellee has failed to show that the omitted portions of the record are material to the appeal, we overrule the motion to extend time to supplement the record in its present form.

Appellant filed the transcript in this cause on January 27, 1982. On March 12, 1982, appellee filed this motion [1] alleging that appellant had elected not to bring forward the following items on appeal: (1) certain testimony upon which the trial court may have relied in overruling one ground of appellee's motion for summary judgment and granting summary judgment on another ground, and (2) the pretrial orders lead-

---

1. Appellee has styled his motion as one requesting an extension of time to file a supplemental transcript and statement of facts. Since there is no time requirement for request-

ing a supplemental record under Rule 428 we will treat this request as a motion for leave to file a supplemental record.

ing up to the summary judgment and corrected summary judgment order. In support of his motion appellee states only that "it appears that it may become necessary for appellee to bring up certain of these matters" and that "appellee may find it necessary or advisable to bring such prior orders, and certain prior instruments filed by the appellant, forward." Nowhere does appellee contend that the omitted portions of the record are material to the instant appeal.

Tex.R.Civ.P. 428 provides:

If anything *material* to either party is omitted from the transcript or statement of facts, the parties by stipulation, or the trial court, either before or after the record has been transmitted to the appellate court, or the appellate court, on a proper suggestion or on its own initiative, may direct a supplemental record to be certified and transmitted by the clerk of the trial court or the official court reporter supplying such omitted matter. If the appellate court deems the omitted matter *material*, it shall permit it to be filed unless the supplementation will unreasonably delay disposition of the appeal (emphasis added).

The courts have consistently advocated a liberal construction of Rule 428. *Gay v. City of Hillsboro*, 545 S.W.2d 765, 766 (Tex. 1977); *Barron v. James*, 145 Tex. 283, 198 S.W.2d 256, 260 (1946). Nevertheless, this rule was not intended to place the burden upon the appellate court to secure the supplemental transmission of matter omitted from the appellate record. *Coleman v. Pacific Employers Insurance Company*, 484 S.W.2d 449, 453 (Tex.Civ.App.—Tyler 1972, writ ref'd n.r.e.). Rather, it is incumbent upon the party seeking a supplemental record to make a showing that the omitted matter is material to the disposition of the case on appeal. Without such a showing this court is unable to determine whether the omitted matter is material within the meaning of Rule 428.

■ The word "material" has been defined as "important; more or less necessary; having influence or effect; going to the merits; having to do with matter as distinguished from form." Black's Law Dictionary, 1128 (rev. 4th ed. 1968). It signifies "a matter that is entitled to consideration; going to the merits; such as does or would affect the determination of a case; such as must be considered in deciding a case on its merits." 57 C.J.S. *Material* p. 451 (1948). *See* also *Thompson v. Lee Roy Crawford Produce Co.*, 149 Tex. 357, 233 S.W.2d 295, 296 (1950). In the context of Rule 428, the moving party must show that the matter sought to be added is in someway *necessary* to the disposition of the case on appeal. *Chapman v. Chapman*, 591 S.W.2d 574, 578 (Tex.Civ.App.—Fort Worth 1979, no writ).

■ In the instant case appellee has made no showing that the omitted matter is material to the case on appeal. In this regard his motion is defective. Accordingly, the motion to extend time for filing a supplemental record is overruled in its present form. The motion is overruled without prejudice to enable appellee to refile showing the materiality of the omitted portions of the record.