Charles S. **BARNES**, et ux, Betty **Barnes, Appellants,**

v.

**TEXAS BANKERS LIFE & LOAN INSURANCE COMPANY, and Patrick Bussey, Individually, Appellees.**

No. 05–93–00141–CV.

Court of Appeals of Texas, Dallas.

Aug. 16, 1993.

Jeff L. Pierce, Plano, for appellant.

Forrest N. Troutman, Austin, for appellee.

Before McGARRY, C.J., and ROSENBERG and MORRIS, JJ.

**PRESUBMISSION OPINION**

McGARRY, Chief Justice.

Texas Bankers Life & Loan Insurance Company seeks leave to file a supplemental transcript that was previously tendered to the Court. For the reasons stated below, we deny the motion for leave in its present form.

■ The motion includes a general assertion that "the documents contained in the supplemental transcript are material to this appeal in that they support appellee's position in this appeal." However, the motion contains no description or list of the specific documents with which appellee wishes to supplement in the record and no discussion of the issues to which the documents are material. A party seeking to supplement the record must show that the omitted matter is material to the disposition of the case on appeal. TEX.R.APP.P. 55(b); *Goldsmith v. Stephenson,* 634 S.W.2d 331, 332 (Tex.App.— Dallas 1982, no writ). Without such a showing, this Court is unable to determine whether the omitted matter is material within the meaning of rule 55(b).

■ Rule 55(b) is to be liberally construed so that appellate decisions turn on substance rather than procedural technicalities. *Crown Life Ins. Co. v. Gonzales,* 820 S.W.2d 121, 121 (Tex.1991) (per curiam). However, the moving party must still show that the matter it seeks to add is in someway *necessary* to the disposition of the case on appeal. *Id.* at 121 n. 1; *Goldsmith,* 634 S.W.2d at 332. This showing is required for *each* document or item sought to be included in the supplemental record. *See* TEX.R.APP.P. 55(b). A conclusory allegation that an item is material is insufficient to satisfy the rule.

Since some items may be shown to be material while others are not, the better practice would be to reserve preparation of the supplemental record until the appellate court rules on the request for leave.

The motion before us fails to show that each of the documents appellee seeks to include in the supplemental transcript is material to the case on appeal. Accordingly, the motion is overruled without prejudice. *See Goldsmith,* 634 S.W.2d at 332.