**Leonardo Rodriguez PENA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–94–00308–CR.**

Court of Appeals of Texas, El Paso.

May 16, 1996.

---

Luis C. Labrado, El Paso, for Appellant.

Michael L. Fostel, District Attorney, Kermit, for State/Appellee.

Before BARAJAS, C.J. and LARSEN and CHEW, JJ.

### OPINION ON MOTION

BARAJAS, Chief Justice.

Leonardo Rodriguez Pena appeals his conviction for the offense of possession of more than 400 grams of cocaine with intent to deliver. Pending before this Court is Appellant's motion to supplement the record. The motion is denied.

Represented by retained counsel, Appellant entered a plea of guilty pursuant to a plea bargain and received a sentence of imprisonment for 18 years. Appellant hired a different attorney for purposes of appeal, but he was permitted to withdraw after concluding that the appeal was frivolous. *Pena v. State*, 932 S.W.2d 31 (Tex.App.—El Paso 1995, no pet.). Appellant has since retained new counsel on appeal.

The record before us contains the clerk's transcript and the statement of facts from Appellant's guilty plea proceeding. Suggesting that the record in this case is incomplete, Appellant requests that we supplement the record with the complete state-

ment of facts from the trial of his co-defendant, Juan Gonzales, so that he can support his contention that his right to a fair trial was infringed by trial counsel's dual representation of Appellant and Gonzales despite a conflict of interest.

Rule 55(b) of the Texas Rules of Appellate Procedure governs the procedure to be utilized when supplementing the record with material omitted from the record. It provides:

> If anything material to either party is omitted from the transcript or statement of facts, before submission the parties by stipulation, or the trial court, upon notice and hearing, either before or after the record has been transmitted to the appellate court, or the appellate court, on a proper suggestion or on its own initiative, may direct a supplemental record to be certified and transmitted by the clerk of the trial court or the official court reporter supplying such omitted matter. The appellate court shall permit it to be filed unless the supplementation will unreasonably delay disposition of the appeal.

Tex.R.App.P. 55(b).

In support of his assertion that the statement of facts from Gonzales's trial is properly a part of this record, Appellant alleges that Gonzales was tried under the same cause number as Appellant, namely, cause number 949 in the 109th District Court of Crane County. Although counsel states that he "believes in good faith that the information in the Motion to Supplement the Record is true and correct . . .", Appellant provides no evidence to support this assertion of fact. Further, the evidence before us indicates that Appellant is incorrect. Significantly, Appellant's indictment does not allege that Appellant committed this offense while "acting with" Gonzales, nor is Gonzales's name otherwise mentioned in the indictment. Because the indictment in the instant case did not accuse Gonzales of any offense, he could not have been tried under this same cause number. *See* Tex.Code Crim.Proc.Ann. art. 21.01 (Vernon 1989) (an indictment is the written statement of a grand jury accusing a person therein named of some act or omission which, by law, is declared to be an

offense); Tex.Code Crim.Proc.Ann. art. 21.02(4) (Vernon 1989) (an indictment shall contain the name of the accused); Tex.Code Crim.Proc.Ann. art. 21.07 (Vernon Supp. 1996) (allegation of name).

Appellant has failed to establish that the statement of facts he seeks to have filed in this cause is properly a part of this appellate record, but was omitted so that the record could be supplemented pursuant to Rule 55(b). To the contrary, it appears that the record is from another case and has never been made a part of this case.[1] It is not proper for an appellate court to look to another appellate record to supply deficiency in proof of another case under consideration on appeal. *Jones v. State,* 711 S.W.2d 634, 636 n. 1 (Tex.Crim.App.1986); *Garza v. State,* 622 S.W.2d 85, 89–90 (Tex.Crim.App. 1981) (Opin. on Reh'g); *Miracle v. State,* 604 S.W.2d 120, 123 (Tex.Crim.App.1980). Likewise, Appellant is not permitted to supplement the appellate record with materials that have not been properly made a part of the record in the trial court. For these reasons, the motion to supplement is denied.

---

1. If Appellant had filed a motion for new trial raising the conflict of interest issue and had introduced the statement of facts at a hearing in support of his motion, it would be a part of the record of this cause. Appellant, however, does not allege and the record does not reflect that he filed a motion for new trial or made the statement of facts from Gonzales's trial a part of this case.