NO. 07-04-0041-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 7, 2004


____________________________



 REGINALD S.Y. LEE, APPELLANT



V. 



JUSTIN HERSEY, TRAVIS J. HERSEY AND THE FRANK 


J. HERSEY FAMILY TRUST, APPELLEES


_______________________________



FROM THE COUNTY COURT AT LAW NO. 1 OF MONTGOMERY COUNTY;



NO. 01-15925-P; HONORABLE DENNIS WATSON, JUDGE


_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ON MOTION FOR ORDER DIRECTING


SUPPLEMENTATION OF CLERK'S RECORD



 Before the court is appellees' motion for an order directing the trial court clerk to
supplement the clerk's record in this appeal. The motion recites the clerk's record filed in
this court on March 23, 2004 omitted numerous documents designated for inclusion by
appellees on December 15, 2003. The motion lists twenty items from cause number 01-15925 and four items from related cause number 98-17,027-P. The motion asks this court
to allow appellees to supplement the record in this appeal with the documents listed, and
to issue an order directing the trial court clerk to include these documents in a supplemental
record. It also recites appellant opposes the motion. No written response to the motion
has been filed. Because the motion fails to show intervention of the court is necessary or
appropriate at this juncture, we deny the motion.

 Appellees' motion does not direct us to the page in the clerk's record at which we
may find their December 15, 2003 designation. Our review of the record does not reveal
a designation of that date. We do find an amended designation filed by appellees on
August 26, 2003, designating for inclusion in the clerk's record some 204 documents from
trial court cause number 01-15925. We have not compared the list of twenty items in
appellees' motion with the list of 204 documents in their August 26, 2003 designation. The
first item in appellees' motion, a document dated January 23, 2003, referred to as
"Supplement to Lynda Risinger's [sic] Hersey's Motion to Dismiss for Lack of Jurisdiction,"
appears to correspond, though, with the item numbered 167 in the August 26, 2003
designation. For present purposes, then, we assume appellees are correct that the clerk's
record does not contain all the documents they designated. 

 Rule of Appellate Procedure 34.5(c)(1) authorizes a party to direct a trial court clerk
to prepare and file a supplemental record when relevant items have been omitted from the
clerk's record. Appellees have not demonstrated that the trial court clerk has refused to file
a supplemental record on proper request pursuant to Rule 34.5(c)(1). 

 As noted, appellees' motion also makes reference to four documents from trial court
cause number 98-17,027-P. Appellees do not refer to it in their motion, but our review of
the clerk's record reveals an affidavit, entitled "Clerk's Affidavit of Unavailability of
Requested Pleadings," by which the trial court clerk has certified the unavailability of certain
documents. The affidavit states that one document from cause number 01-15925 and the
four documents from cause number 98-17,027-P listed in appellees' motion were "not filed
with the clerk in this case." Appellees offer no basis on which we could disregard this
certification of the clerk. Rule 34.5(c) may allow supplementation of the appellate record
to reflect what actually occurred at trial but the rule may not be used to create a new trial
court record. See Intermarque Automotive Products, Inc. v. Feldman, 21 S.W.3d 544, 547
(Tex.App.-Texarkana 2000, no pet); Lara v. State, 962 S.W.2d 148 (Tex.App.-San Antonio
1998, no pet); Pena v. State, 932 S.W.2d 33 (Tex.App.-El Paso 1996, no writ); Graham
v. Pazos De La Torre, 821 S.W.2d 162, 165 (Tex.App.-Corpus Christi 1991, writ denied). 


 Moreover, appellees' statements in their motion that the documents from cause
number 98-17,027-P are necessary for preparation of their appellees' brief and for the court
to "fully understand what transpired in the case below" do not sufficiently demonstrate the
relevance of the documents to this appeal. Cf. Barnes v. Texas Bankers Life & Loan Ins.
Co., 861 S.W.2d 421 (Tex.App.-Dallas 1993, writ denied).

 We deny appellees' motion without prejudice to its refiling on a showing that the
court's intervention is necessary with respect to the preparation of a supplemental record
containing omitted items from the record of trial court cause number 01-15925 properly
designated by appellees for inclusion in the appellate record, or on a showing that
supplementation of the record with other items is required under the Rules of Appellate
Procedure.

 Per Curiam