Opinion issued February 24, 2005






     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00117-CR




LARRY KOREY JIMENEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Court at Law No. 3
Fort Bend County, Texas
Trial Court Cause No. 102883




MEMORANDUM OPINION

          Appellant, Larry Korey Jimenez, was found guilty by a jury for driving while
intoxicated (DWI). The trial court assessed his sentence at 365 days’ confinement,
suspended for two years’ community supervision. In two points of error, appellant
contends that his Sixth Amendment rights to a fair and impartial jury and to the
effective assistance of counsel were violated. We affirm.
Background
          Around 1:30 a.m. on January 14, 2003, Deputies Walter Jameson and Glenn
St. Hilarie pulled appellant over for having a burnt-out headlight. Appellant stopped
his car in the moving lane of traffic. Jameson told appellant to move his car to safety
on the side of the road. Rather than moving the car to the right-hand shoulder,
appellant crossed the lane for on-coming traffic and stopped his car on the left-hand
shoulder. Jameson walked up to appellant’s side of the car and requested his driver’s
license and insurance. Jameson smelled alcohol. He also noticed that appellant had
bloodshot eyes and slurred his speech. When Jameson asked appellant to get out of
the car, appellant stumbled and used the car to regain and maintain his balance. 
Appellant told Jameson that he had had a couple of beers with his boss earlier that
night. Jameson conducted a field sobriety test, on which appellant performed poorly.
Jameson arrested appellant for DWI and took him to the police station. At the station,
appellant refused to take a breath test or to re-take the field sobriety test so that the
test could be filmed. 
          During voir dire, appellant’s trial counsel attempted to strike for cause jurors
number one and two (Fuller) because he claimed they had indicated that they could
not be fair to appellant if he had a prior DWI. The trial court denied the challenges. 
Appellant’s trial counsel requested two additional peremptory strikes for jurors
number one and two, which the court denied. Appellant’s trial counsel also attempted
to strike jurors number five and nine (Baba) for cause. The trial court denied each of
these requests. Appellant’s trial counsel exhausted all of his peremptory strikes on
venirepersons number one, five, and ten. He did not strike jurors number two
(Fuller), or nine (Baba). They were empaneled on the jury. He did not strike or move
to strike jurors number three (Flores) or seven (Johnston), and they too served on the
jury.
Discussion
Fair and Impartial Jury
          Appellant argues, on two grounds, that he was denied a fair and impartial jury
in violation of his Sixth Amendment right. First, he contends that the trial court erred
in denying his challenges for cause against Fuller and Baba. Appellant argues that
both expressed a bias against him by stating they would be more likely to find him
guilty if he had a criminal record. Second, appellant contends that he and juror Flores
had a 25-minute conversation during a recess in the trial that resulted in Flores’s
forming a bias against him.
Challenge for Cause
          Article 35.16 of the Code of Criminal Procedure provides that a challenge for
cause can be made against a venireperson for several reasons, including “that he has
a bias in favor for or against the defendant” or that he has formed a conclusion. Tex.
Code Crim. Proc. Ann. art. 35.16(a)(9), (10) (Vernon 1989). The purpose of
allowing venire members to be challenged for cause is to ensure a fair and impartial
jury for both the State and the defense. See Smith v. State, 907 S.W.2d 522, 529 (Tex.
Crim. App. 1995). A venireperson should be struck for cause only if his views would
substantially impair or prevent his performance as a juror. Wainwright v. Witt, 469
U.S. 412, 424, 105 S. Ct. 844, 852 (1985); Moody v. State, 827 S.W.2d 875, 888
(Tex. Crim. App. 1992).
          We review a trial court’s denial of a challenge for cause for an abuse of
discretion. Rachal v. State, 917 S.W.2d 799, 810 (Tex. Crim. App. 1996); Broussard
v. State, 910 S.W.2d 952, 958–59 (Tex. Crim. App. 1995). We review the trial
court’s decision in light of the venireperson’s voir dire as a whole and ask whether
the trial court had a rational basis for its conclusion. Granados v. State, 85 S.W.3d
217, 231 (Tex. Crim. App. 2002). We afford great deference to the trial court because
of its superior position in evaluating the venireperson’s demeanor and responses, and
the context and tone in which questions are asked and answered during voir dire. 
Rachal, 917 S.W.2d at 810; Broussard, 910 S.W.2d at 958–59. The need for
deference is especially critical when the reviewing court is faced with a record which
demonstrates that the venireperson’s responses vacillated. Kemp v. State, 846 S.W.2d
289, 301 (Tex. Crim. App. 1992). A trial court does not abuse its discretion in
denying a challenge for cause to a venireperson who gives equivocal, unclear, or
contradictory answers. See Colburn v. State, 966 S.W.2d 511, 517–18 (Tex. Crim.
App. 1998).
          Appellant’s trial counsel asked the venire members if they would hold it
against his client if he had a criminal record. Juror Baba said he would have to hear
the evidence before he could say whether he would hold it against appellant. Juror
Flores stated that a defendant’s having a criminal record would cause him a problem,
but that he would not hold it against the defendant’s credibility.


 Neither Flores nor
Baba stated a conclusion or a bias; therefore, the trial court did not abuse its
discretion in refusing to excuse either of them. See Marable v. State, 840 S.W.2d 88,
92 (Tex. App.—Texarkana 1992, pet. ref’d) (holding trial court did not err by
refusing to excuse venireperson for cause because she was never asked whether she
had reached conclusion as to guilt or innocence of defendant that would have
influenced her verdict).
 
Conversing with the Jury
          Article 36.22 of the Code of Criminal Procedure prohibits any unauthorized
person from having a conversation with a juror. Tex. Code Crim. Proc. Ann. art.
36.22 (Vernon 1981). Injury to the defendant is presumed and a new trial must be
granted “when a juror has talked to anyone about the case.” Tex. R. App. P. 21.3(f);
Quinn v. State, 958 S.W.2d 395, 401 (Tex. Crim. App. 1997). The defendant has the
burden to prove juror misconduct. Hughes v. State, 24 S.W.3d 833, 842 (Tex. Crim.
App. 2000).
          Appellant did not file a motion for new trial, and he points to nothing in the
record to show that a conversation ever took place with juror Flores. Appellant has
not met his burden to prove juror misconduct.
          We overrule appellant’s first point of error.
          Ineffective Assistance of Counsel
          Appellant also argues that his trial counsel was ineffective because (1) his
counsel did not object to empaneling Flores, Johnston, and Fuller as jurors; (2) his
counsel failed to properly admit evidence regarding a document from a pharmacist
showing that appellant was prescribed hydrocodone, which might have affected his
behavior; (3) his counsel did not investigate, intervene, or move for a new trial upon
hearing about the conversation with juror Flores; and (4) his counsel failed to
communicate during the trial in a manner the jury could understand because he did
not speak loudly enough for the jury to hear him.
          In reviewing an ineffective assistance of counsel claim, we evaluate the
effectiveness of counsel under the two-pronged test enunciated in Strickland v.
Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). See Hernandez v. State, 988
S.W.2d 770, 774 (Tex. Crim. App. 1999). First, the defendant must show that his
counsel’s representation fell below an objective standard of reasonableness. 
Strickland, 466 U.S. at 688, 104 S. Ct. at 2064. To prove this deficiency in
representation, the defendant must demonstrate that his counsel’s performance
deviated from prevailing professional norms. Id. 466 U.S. at 688, 104 S. Ct. at 2065;
McFarland v. State, 845 S.W.2d 824, 842 (Tex. Crim. App. 1992). Second, the
defendant must show prejudice. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. This
requires the defendant to show that there is a reasonable probability that, but for his
counsel’s unprofessional errors, the result of the proceeding would have been
different. Id. 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is a
probability sufficient to undermine confidence in the outcome. Id. 466 U.S. at 694,
104 S. Ct. at 2068. The failure to satisfy one prong of the Strickland test negates a
court’s need to consider the other. Id. 466 U.S. at 697, 104 S. Ct. at 2069. An
appellant bears the burden of proving by a preponderance of the evidence that his
counsel was ineffective. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999). 
          Usually, the record on direct appeal is not sufficient to establish that counsel’s
representation was so deficient and so lacking in strategic or tactical decision-making
as to overcome the strong presumption that counsel’s performance was reasonable
and professional. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). “[I]n
the majority of cases, the record on direct appeal is simply undeveloped and cannot
adequately reflect the failings of trial counsel.” Id. We cannot speculate beyond the
record provided; rather, a reviewing court must presume that the actions were taken
as part of a strategic plan for representing the client. Young v. State, 991 S.W.2d 835,
837–38 (Tex. Crim. App. 1999). The appellant must overcome the presumption that
his trial counsel’s strategy was sound and affirmatively demonstrate the alleged
ineffective assistance of counsel. Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim.
App. 2003); Thompson, 9 S.W.3d at 814. 
          First, appellant complains that his trial counsel should have objected to
empaneling jurors Flores and Johnston. However, appellant fails to make any
argument regarding juror Johnston. Instead, appellant argues that his trial counsel
should have challenged juror Fuller for cause because she had a bias against appellant
because of an experience she had had with someone who was a victim of a drunk
driver. Appellant mischaracterizes juror Fuller’s comments. Juror Fuller stated she
knew a person who killed someone and was charged with a DWI; she also stated the
person she knew was treated fairly.


 The record does not show that juror Fuller had
formed a bias or a conclusion for or against appellant. We cannot speculate why
appellant’s counsel did not explore whether juror Fuller had formed a bias against
appellant; nor can we speculate why he did not utilize a peremptory strike against her. 
See Young, 991 S.W.2d at 837–38.
          Appellant argues that juror Flores indicated during voir dire that he might
consider someone legally intoxicated after two or three beers. Appellant again
mischaracterizes the juror’s comments. Appellant’s counsel asked juror Flores, “How
many beers do you think it takes someone to get intoxicated . . . say someone 5'8"
—150 pounds.” Juror Flores answered, “two or three.” Appellant’s counsel then
asked juror Flores if he thought the number would vary if the person had had
something to eat. Juror Flores answered “Yes.” The record does not indicate that
juror Flores stated he would consider someone legally intoxicated after two or three
beers; nor does it indicate that juror Flores had formed an opinion regarding how
many beers it would take appellant, specifically, to become intoxicated. Again, we
cannot speculate about appellant’s counsel’s strategy in not exploring further whether
juror Flores had an opinion regarding the amount of alcohol it would take for
appellant to become intoxicated or whether juror Flores had formed a bias against
appellant. See Young, 991 S.W.2d at 837–38.
          Appellant next complains that his trial counsel should have introduced a
document from a pharmacist that would show he was prescribed hydrocodone. He
argues, outside of the record, that the effects of the medication are similar to alcohol
intoxication. We will not consider evidence outside the record. See Williams v. State,
485 S.W.2d 274, 274–75 (Tex. Crim. App. 1972); Pena v. State, 932 S.W.2d 33, 35
(Tex. App.—El Paso 1996, no pet.) (finding that an appellant is not permitted to
supplement the appellate record with materials that have not been properly made a
part of the record in the trial court).
          Appellant then argues that his trial counsel should have investigated, moved
for a mistrial, or intervened when appellant told him about his conversation with juror
Flores. As discussed above, appellant has not established that a conversation with 
juror Flores took place.
          Finally, appellant contends that his trial counsel failed to communicate during
trial in a manner that the jury could understand because he did not speak loudly
enough for the jury to hear him. Appellant cites to five locations in the record where
his counsel was asked to speak louder. The trial judge admonished counsel each
time. There is no evidence to show that appellant’s trial counsel disobeyed this order
or that the jury failed to hear appellant’s counsel. Moreover, the record demonstrates
that the trial court admonished counsel for the State likewise to speak up on several
occasions. 
          The record before us is not sufficiently developed on appellant’s ineffective
assistance of counsel claims to overcome the strong presumption that appellant’s
representation at trial was reasonable and professional. See Bone, 77 S.W.3d at 833. 
Moreover, because appellant did not file a motion for new trial, his trial counsel did
not have the opportunity to respond to appellant’s contentions or to explain his trial
strategy. See Rylander, 101 S.W.3d at 110 (finding that a direct appeal is generally
not the means to raise an ineffective assistance of counsel claim because trial counsel
has not had the opportunity to respond to his client’s arguments and explain his
strategy). We are prohibited from speculating as to why counsel failed to act or acted
as he did. Young, 991 S.W.2d at 837–38. Without more, we must presume that
counsel acted pursuant to a strategic plan. Id.
          We overrule appellant’s second point of error.
 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).