TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-05-00679-CV




Mike Coey, Appellant

v.

Texas Department of Family and Protective Services, Appellee





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
NO. FM401162, HONORABLE PAUL DAVIS, JUDGE PRESIDING


 
O R D E R

                        This order concerns competing motions on the question of whether appellant
perfected this appeal. Appellant Mike Coey requests an extension of time to file his notice of appeal
from a judgment that terminated his parental rights based on his purportedly voluntary
relinquishment. Appellee Texas Department of Family and Protective Services requests dismissal
of this appeal for want of jurisdiction and want of prosecution arguing that Coey filed his notice of
appeal untimely. Coey filed his formal notice of appeal well outside the permissible period in this
accelerated appeal, but he also filed a statement of points on appeal within the period for filing a
motion for extension of time to file a notice of appeal. Because the statement of points on appeal
satisfied the essential purpose of the notice of appeal in the case, we will grant the motion to extend
time to file a notice of appeal and deny the appellee’s motion to dismiss.
                        The district court signed a decree terminating Coey’s parental rights on August 8,
2005. He filed a statement of points of appeal on September 7, 2005, along with a pauper’s oath and
a motion for new trial. On October 13, 2005, the court held a hearing at which it denied the motion
for new trial and found the appeal frivolous. On October 21, 2005, Coey filed both this motion to
extend time to file his notice of appeal together with the notice of appeal.
                        Appeals from final orders concerning placement of children in the Department’s care
are accelerated by statute and follow unique procedures in addition to the rules of civil and appellate
procedure. Tex. Fam. Code Ann. § 263.405 (West 2002); see also id. § 109.002(a). A party desiring
to appeal a decree in such a parental rights termination case must file a statement of points on appeal
within fifteen days after the judgment. Id. § 263.405(b). The statement of points is intended to give
the trial court some way to determine whether an appeal is frivolous and thereby eliminate
unmeritorious parental-rights termination appeals. See In re S.J.G., 124 S.W.3d 237, 242 (Tex.
App.—Fort Worth 2003, no pet.). The trial court must hold a hearing no later than the thirtieth day
after the final order is signed to determine whether a new trial should be granted, whether a claim
of indigence should be sustained, and whether the appeal is frivolous. Tex. Fam. Code Ann.
§ 263.405(d). Neither an appellant’s failure to file the statement of points on appeal nor the court’s
failure to hold the required hearing within the prescribed periods will deprive an appellate court of
jurisdiction over the appeal. S.J.G., 124 S.W.3d at 243; In re M.G.D., 108 S.W.3d 508, 516 (Tex.
App.—Houston [14th Dist.] 2003, pet. denied).
                        Courts cannot suspend rules of appellate procedure to alter the time for perfecting an
appeal. Tex. R. App. P. 2. However, the supreme court has written that we must interpret rules in
a way that favors disposition on the merits rather than on procedural technicalities:

This Court has never wavered from the principle that appellate courts should not
dismiss an appeal for a procedural defect whenever any arguable interpretation of the
Rules of Appellate Procedure would preserve the appeal. We have repeatedly held
that a court of appeals has jurisdiction over any appeal in which the appellant files
an instrument in a bona fide attempt to invoke the appellate court’s jurisdiction. 
Linwood v. NCNB Texas, 885 S.W.2d 102, 103 (Tex. 1994); Grand Prairie Indep.
Sch. Dist. [v. Southern Parts Imports, Inc., 813 S.W.2d 499, 500 (Tex. 1991)]. Our
decisions reflect the policy embodied in our appellate rules that disfavors disposing
of appeals based upon harmless procedural defects. See Grand Prairie Indep. Sch.
Dist., 813 S.W.2d at 500. Thus, we have instructed the courts of appeals to construe
the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal
is not lost by imposing requirements not absolutely necessary to effect the purpose
of a rule. See Jamar v. Patterson, 868 S.W.2d 318, 319 (Tex. 1993); see also Crown
Life Ins. Co. v. Estate of Gonzalez, 820 S.W.2d 121, 121-22 (Tex. 1991); Gay v. City
of Hillsboro, 545 S.W.2d 765, 766 (Tex. 1977).
 
Verburgt v. Dorner, 959 S.W.2d 615, 616-17 (Tex. 1997).
                        Documents that evince an intention to appeal can serve as surrogates for the proper
perfecting instruments, but a motion for new trial cannot. Compare Linwood v. NCNB Texas, 885
S.W.2d 102, 103 (Tex. 1994) (bona fide attempt to appeal) with In re K.A.F., 160 S.W.3d 923, 928
(Tex. 2005). In Linwood, after the trial court granted summary judgment in favor of NCNB on
September 23, 1991, Linwood requested findings of fact and conclusions of law on September 26,
filed his notice of appeal on October 3, and filed a notice of past-due findings of fact and conclusions
of law on October 22. 883 S.W.3d at 102. On November 15, fifty-three days after the judgment was
signed, Linwood filed his cost bond. Id. Although the notice of appeal was not a proper perfecting
instrument at the time and although the request for findings of fact did not extend the timetable for
appealing a summary judgment, the court concluded that the notice of appeal was a bona fide attempt
to invoke the appellate court’s jurisdiction. Id. The court held that the appellant’s eventual filing
of the proper instrument perfected the appeal. Id.; see also Grand Prairie, 813 S.W.2d at 500. The
filing of a motion for new trial does not serve as a surrogate notice of appeal. See K.A.F., 160
S.W.3d at 928. The supreme court held:

Though there are myriad reasons why a party might file a motion for new trial, we
fail to see how invoking the court of appeals’ jurisdiction could reasonably be
considered one of them. Indeed, because filing a motion for new trial extends the
deadline to file a notice of appeal in most civil cases, Tex. R. App. P. 26.1(a), a
motion for new trial logically cannot also serve as a substitute for a notice of appeal.
 
Id. Thus, when an appellant does not file a timely perfecting instrument, we must determine if a
document was filed that would serve the same purpose.
                        As the children’s ad litem correctly asserts, Coey’s formal notice of appeal and
motion to extend time to file a notice of appeal were filed too late. In this accelerated appeal, Coey’s
notice of appeal from the August 7, 2005 judgment was due on Monday, August 29, 2005. See Tex.
R. App. P. 26.1(b). He could have filed a motion to extend the time as late as September 13, 2005. 
See id. 26.3. The notice and motion filed on October 21, 2005 were filed beyond the deadline.
                        We focus on whether Coey’s filing of the statement of points on appeal was a bona
fide attempt to invoke this Court’s jurisdiction. The statement identifies the trial court and states the
case’s trial-court number and style, states that the affidavit of relinquishment signed by “respondent”
failed to include a required statement that he was informed of his rights and duties, and asserts that
his signature on the affidavit was procured by the fraud, misrepresentation, coercion, and ineffective
assistance of his counsel. The statement also indicates, by his new counsel’s signature block, that
an unnamed “respondent” is filing the statement. See Tex. R. App. P. 25.1(d). The statement of
points on appeal does not specify the date of the judgment appealed from, expressly state (apart from
naming errors in the decree) that he wishes to appeal, state the court to which the appeal is taken,
expressly state (apart from the “respondent” in the signature block) who is appealing, or state that
the appeal is accelerated. See id. Unlike a motion for new trial, the statement of points on appeal
demonstrates an intent to appeal and invoke this Court’s jurisdiction. It, therefore, is more like the
notice of appeal in Linwood, 883 S.W.2d at 102. Although the statement of points on appeal is
required in addition to a notice of appeal and is meant to allow a trial court to assess whether the
appeal is frivolous, it is more than a request that the trial court review its own actions. While the
statement alerts the trial court to alleged errors, it does not request that the trial court address the
errors; instead, it shows an intent to request that the appellate court address these errors. The title
itself reflects an intention to appeal. We conclude that the statement of points on appeal served as
a bona fide attempt to invoke this Court’s jurisdiction.
                        To invoke our jurisdiction, the statement of points on appeal must have served also
as an implied motion to extend time to file the notice of appeal because the statement was filed thirty
days after the decree—beyond the twenty-day period for notices of appeal in accelerated appeals, but
within the fifteen-day period for motions for extension of time to file the notice of appeal. See Tex.
R. App. P. 26.1(b), 26.3. The filing of the statement as a bona fide attempt to invoke our jurisdiction
also served as an implied motion to extend time to file a notice of appeal. See Verburgt, 959 S.W.2d
at 617. Coey’s later-filed motion to extend time to file the notice of appeal explains that counsel
were confused about deadlines, which can be sufficient to permit the filing of a notice of appeal
within the extended period. See In re B.G., 104 S.W.3d 565, 567-68 (Tex. App.—Waco 2002, no
pet. [order]). The children’s attorney ad litem argues that B.G. is distinct from this case because the
appellant in that case filed a notice of appeal within the fifteen-day extension period. Id. That
argument does not take into account the effect of the filing of the statement of points on appeal as
a bona fide attempt to appeal. The ad litem also notes that B.G. was decided when the accelerated
status of appeals from termination decrees was fairly new, and that the intervening years have
severely diminished the surprise from the limitations on time in which to appeal. Given the
importance of the parent-child relationship, however, we are inclined to excuse the technical defects
in appellant’s attempt to appeal and grant his implied extension request in order to permit appellant
to have his complaints heard. See Verburgt, 959 S.W.2d at 616.
                        We conclude that the statement of points on appeal served as both an implied motion
to extend time to file a notice of appeal and a de facto notice of appeal. This is sufficient to invoke
our jurisdiction—particularly where the parent-child relationship is at stake. We grant the motion
to extend time to file the notice of appeal and deny the motion to dismiss.
                        This appeal shall proceed on the district court’s findings that the appeal is frivolous
and that Coey is indigent. See Tex. Fam. Code Ann. § 263.405(g). Because the confusion over the
appellate deadlines and the uncertainty over whether this appeal could proceed inhibited the
preparation of the record, we will extend the due date for the record until February 28, 2006.
 
                        It is ordered February 3, 2006.
 
 
                                                                                                                                                             
                                                                        G. Alan Waldrop, Justice
Before Chief Justice Law, Justices Pemberton and Waldrop