NO. 07-07-0332-CR


 07-07-0333-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



NOVEMBER 21, 2007


______________________________



EX PARTE ALBERT V. JESSEP


_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 51,224-A, 51,225-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON MOTION FOR PRODUCTION OF GRAND JURY MATERIALS


 Pending before the Court is the appeal of Albert V. Jessep from the trial court's
denial of his application for a writ of habeas corpus, challenging the court's orders (1) placing
him on community supervision pursuant to Code of Criminal Procedure article 11.072. 
Tex. Code Crim. Proc. Ann. art. 11.072. (Vernon 2003). In connection with his appeal,
appellant has filed a Motion for Production of Grand Jury Materials in Above Cases Held
In State's Possession. We will deny the motion.

 The clerk's record has been filed in this appeal. Appellant's writ application
contained in the record refers, inter alia, to his indictments in the underlying prosecutions. 
In the motion we here address, appellant requests us to direct the State to disclose and
produce certain materials presented to the grand jury that indicted him in 2005. The clerk's
record as filed shows no reference to any previous request by appellant for this
information. (2) While the Texas Rules of Appellate Procedure provide avenues through
which parties may ensure that the appellate record reflects what actually occurred at trial,
the rules may not be used to create a new record of materials not before the trial court. 
See Tex. R. App. P. 34.5(c) (providing for supplementation of record); Intermarque
Automotive Products, Inc. v. Feldman, 21 S.W.3d 544, 547 (Tex.App.-Texarkana 2000,
no pet.); Lara v. State, 962 S.W.2d 148 (Tex.App.-San Antonio 1998, no pet.); Pena v.
State, 932 S.W.2d 33 (Tex.App.-El Paso 1996, no writ); Graham v. Pazos De La Torre,
821 S.W.2d 162, 165 (Tex.App.-Corpus Christi 1991, writ denied). Additionally, in his motion, appellant relies on Rule 3.09(d) of the Texas Disciplinary
Rules of Professional Conduct to support his request for this Court to direct the State to
disclose and produce the materials in its possession regarding the grand jury proceedings.
Rule 3.09, which addresses the responsibilities of the prosecutor in a criminal case,
contains language requiring prosecutors to make timely disclosure of certain information. (3) 
Tex. R. Disciplinary P. 3.09(d) (Vernon 2005). Any contention that a prosecutor has failed
to follow a disciplinary rule is to be addressed through the administrative mechanisms for
enforcement of those rules. The disciplinary rules are not a means for criminal defendants
to obtain additional evidence. See Armstrong v. State, 897 S.W.2d 361, 366 n.5
(Tex.Crim.App. 1995) (addressing effect of contention that prosecutor violated disciplinary
rule). 

 For these reasons, we deny appellant's motion. We do so, however, without
prejudice to appellant's supplementation of the appellate record as provided by the Rules
of Appellate Procedure.


 Per Curiam

 Do not publish. 
1. The orders were signed April 17, 2006, in trial court cause numbers 51224-A and
51225-A, both deferring appellant's adjudication for the offenses of possession of child
pornography and placing him on community supervision. Appellant appealed from the
orders. We dismissed his appeals on September 15, 2006, based on the trial court's
certifications under Rule of Appellate Procedure 25.2 that he had no right of appeal. 
Jessup v. State, 2006 WL 2660776 (Tex.App.-Amarillo 2006, pet. ref'd). Appellant then
filed a writ of habeas corpus that the trial court denied. This appeal followed. 
2. See Tex. Code Crim. Proc. Ann. art. 39.14 (Vernon 2005) (providing for motion by
defendant for discovery "before or during trial"). To present a complaint on appeal, one
must have presented the trial court with a specific and timely request, objection or motion
and must have obtained a ruling. Tex. R. App. P. 33.1. 
3. Case law holds that whether an accused is entitled to grand jury material is within
the sound discretion of the trial court. Garcia v. State, 454 S.W.2d 400 (Tex.Crim.App.
1970); Bynum v. State, 711 S.W.2d 321 (Tex.App.-Amarillo 1986, pet. ref'd).