

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-15-00295-CR

_____

JEFFERY ALLEN BROCHU, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 66th District Court
Hill County, Texas
Trial Court No. 37,326; Honorable Lee Harris, Presiding

November 10, 2015

ORDER DIRECTING FILING OF
SUPPLEMENTAL CLERK'S RECORD

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Following a not guilty plea, Appellant, Jeffery Allen Brochu, was convicted by a jury of aggravated robbery and sentenced to twenty years confinement.[1] The clerk's record and reporter's record have both been filed. On October 15, 2015, Appellant filed a *Motion to Supplement Record* seeking to have the trial court clerk supplement the

---

[1] TEX. PENAL CODE ANN. § 29.03(a) (West 2011).

record to include items originally requested in his *Designation of Record on Appeal*, filed pursuant to Rule 34.5(a)(13) of the Texas Rules of Appellate Procedure, that were not included in the record as filed with this court. Appellant's original request for "[a]ny subpoenas or requests for subpoenas" has now been refined to request "[a]ll witness subpoenas issued for May 18th and 19th, 2015" and (2) "[a]ny and all subpoenas issued for Joel Hawkins."

By letter dated October 28, 2015, Appellant's motion was denied without prejudice to refiling once he demonstrated the requested but omitted items were "relevant." TEX. R. APP. P. 34.5(c). Now pending before this court is *Appellant's 2nd Motion to Supplement Record* and *Motion for Extension of Time to File Appellant's Brief on Appeal.*

### APPELLANT'S 2ND MOTION TO SUPPLEMENT RECORD

Appellate counsel was not trial counsel. By his motion, Appellant notes that the State relied on the law of parties but failed to call a co-conspirator as a witness at trial. He adds that the current record is silent on the status and location of the co-defendant during trial. Appellant asserts that the items missing from the record may provide "fertile ground for an appeal." He explains that three investigators identified witnesses, some who appeared during pretrial hearings, but who were not subpoenaed for trial. The omitted items, Appellant urges, may prove relevant to a discussion on the law of parties.

In the interest of justice and to avoid further delays in this appeal, this court orders Angelia Orr, District Clerk of the 66th Judicial District Court, to supplement the clerk's record with the items requested by Appellant. The supplemental clerk's record

shall be filed in this court on or before Tuesday, November 24, 2015. *See Crown Life Ins. Co. v. Estate of Gonzalez*, 820 S.W.2d 121, 121-22 (Tex. 1991); *Gay v. Hillsboro*, 545 S.W.2d 765, 766 (Tex. 1977).

*MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF ON APPEAL*

Pursuant to Rule 38.6(d) of the Texas Rules of Appellate Procedure, this court may modify the time for filing a brief if a motion complying with Rule 10.5(b) is filed. Rule 10.5(b) requires an extension motion to provide the filing deadline, the length of the extension sought, a reasonable explanation for the extension, and the number of previous extensions granted.

Appellant's brief was originally due to be filed on October 19, 2015. By letter dated October 26, 2015, this court advised Appellant that his brief was overdue and the deadline was extended to November 5, 2015. By his motion for extension of time, Appellant explains that his request is based on challenging the completeness of the clerk's record. He seeks to have his briefing deadline suspended until the issue of the incomplete record is resolved. While we grant the motion, we do so only for a period of thirty days from the date the supplemental clerk's record is filed. Except as otherwise provided herein, Appellant's request to suspend his briefing deadline is denied.

It is so ordered.

Per Curiam

Do not publish.